DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the April 14, 2004 judgment of the Sandusky County Court of Common Pleas, Juvenile Division, which sentenced appellant as a serious youth offender. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant, Lee J., asserts the following assignments of error on appeal:
 {¶ 2} "ASSIGNMENT OF ERROR I *Page 2 
 {¶ 3} "Ohio Revised Code section 2152.13(D)(2)(a) violates a juvenile's rights to Due Process and Trial by Jury under the Sixth andFourteenth Amendments to the United States Constitution and Article I, Sections 5 and 16 of the Ohio Constitution because it authorizes a juvenile court to impose an adult sentence on a juvenile based on judicial fact-finding.
 {¶ 4} "ASSIGNMENT OF ERROR II
 {¶ 5} "The juvenile court erred when it failed to make the proper findings to impose a discretionary serious youthful offender sentence upon Lee Johnson, in violation of R.C. 2152.13(D)(2)(a)(i).
 {¶ 6} "ASSIGNMENT OF ERROR III
 {¶ 7} "The trial court abused its discretion when it found Lee Johnson to be a serious youthful offender, and then imposed and suspended a sentence to the Department of Rehabilitation and Corrections.
 {¶ 8} "ASSIGNMENT OF ERROR IV
 {¶ 9} "Lee Johnson was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution."
 {¶ 10} A complaint was filed on December 10, 2003, alleging that appellant, age 14, was a delinquent child because he committed what would constitute felonious assault, a violation of R.C. 2903.11, if committed by an adult. The prosecution sought to have appellant classified as a serious youth offender pursuant to R.C. 2152.13(B). At first, appellant denied the charges against him. Later, he pled guilty to the charges admitting that he struck another person in the *Page 3 
forehead with a pool stick, causing serious physical harm. The court found appellant to be a delinquent child on January 6, 2004, and determined that a serious youth dispositional sentence was required.
 {¶ 11} Following a second hearing, the court entered a judgment entry on April 14, 2004. The court found appellant to be a delinquent child and a serious youth offender. The court further found that continued residence in his home would be contrary to the child's best interests and welfare and that reasonable efforts had been made to prevent removal from the home; that appellant is not able to be rehabilitated within the community; and that, pursuant to R.C. 2152.13(E)(2)(a), the nature and circumstances of the violation and the history of the child, the length of time, level of security, and types of programming and resources available in the juvenile system alone are not adequate to provide a reasonable expectation that the purposes set forth in R.C. 2152.01 will be met, and further that a serious youth offender dispositional sentence is permitted. Sentence was then imposed by the court as if the child were an adult under R.C. Chapter 2929. Appellant was sentenced to the control, care, and custody of the Ohio Department of Rehabilitation and Correction for referral to and confinement in a proper institution for a term of two years (the minimum sentence allowed). The court then imposed a juvenile sentence of commitment to the Ohio Department of Youth Services for a minimum period of one year and a maximum period not to exceed his twenty-first birthday. The sentences were stayed on the condition that appellant successfully complete all conditions of placement and community control. Since appellant was found unable to be rehabilitated within the *Page 4 
community, the court ordered appellant to become a ward of the court for purposes of placement at Cornell Abraxas of Ohio for substance abuse treatment.
 {¶ 12} Following a hearing on June 21, 2005, the court found on August 18, 2005, that appellant had successfully completed the program at Abraxas and the court placed appellant on community control probation. Legal custody of appellant was given to his aunt and uncle.
 {¶ 13} On February 24, 2006, appellant's probation officer moved for a hearing to consider lifting the stay on appellant's sentence because appellant had committed additional misdemeanors and was arrested on January 29, 2006. Following a hearing, the court held on March 16, 2006, that temporary custody was returned to the Sandusky County Juvenile Detention Center until appellant could be transferred to the Ohio Department of Youth Services for institutionalization for a minimum of one year. Appellant then sought a delayed appeal from the April 14, 2004 judgment, which this court permitted.
 {¶ 14} In his first assignment of error, appellant argues that, pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, andBlakely v. Washington (2004), 542 U.S. 296, R.C. 2152.13(D)(2)(a) is unconstitutional because it permits the imposition of a sentence based upon judicial fact-finding.
 {¶ 15} We disagree for several reasons. Appellant pled guilty to the delinquency charges. The court then imposed an agreed-upon sentence. Appellant cannot now challenge that his constitutional rights were violated. In re Gerken, 5th Dist. No. 2006-COA-010, 2006-Ohio-6720, ¶ 38-40. Furthermore, there is no federal or state constitutional right to a jury trial in a juvenile-delinquency proceeding and, therefore, the holdings in Foster, supra, and Blakely, *Page 5 
supra, are not applicable. State v. D.H., 10th Dist. No. 06AP-250,2006-Ohio-6953 ¶ 61-62 . Finally, even if there were such a right, once appellant was found guilty of the delinquency charges, he was subject to the serious youth offender disposition sentence. R.C. 2152.13(D)(2)(a) permits the court to exercise its discretion and impose a sentence within the range of punishment applicable to adults under R.C. Chapter 2929 after consideration of the circumstances of the offense and the ability of the juvenile system resources to accomplish the goals of the juvenile justice system in this case. The court's exercise of its discretion and consideration of these factors would not violate appellant's right to a jury trial. In the Matter of Sturm, 4th Dist. No. 05CA35, 2006-Ohio-7101, ¶ 74.
 {¶ 16} Appellant's first assignment of error is not well taken.
 {¶ 17} In his second and third assignments of error, appellant argues that the court erred when it failed to make the findings required by R.C. 2152.13(D)(2)(a)(i) to impose a discretionary serious youthful offender sentence. This statute requires that before the court imposes an adult sentence, the court must first find that under the circumstances of the case, the juvenile system resources are inadequate to provide the court with a reasonable expectation that the purposes of juvenile sentencing would be met. While the court made these findings in its April 14, 2004 judgment entry (albeit misidentified as former section R.C. 2152.13(E)(2)(a)), it did not make the required findings orally on the record at the April 6, 2004 hearing.
 {¶ 18} Unlike R.C. 2929.19(B), we could not find any case where a court has found that the findings required by R.C. 2152.13 must be made orally "on the record" at the dispositional *Page 6 
hearing. The rights granted to adults under R.C. 2929.19 are not applicable to juveniles in delinquent proceedings. In re Estes, 4th Dist. No. 04CA11, 2004-Ohio-5163, ¶ 25.
 {¶ 19} Furthermore, at the dispositional hearing, the prosecution recommended that the court adopt the recommendations of the probation officer. Appellant's counsel then stated that: "I have had an opportunity to discuss with [appellant] regarding the recommendations of [the probation officer], and we are in agreement and ask that you accept his recommendations." Therefore, we find that appellant and the state agreed upon a sentence. The court imposed the agreed sentence with the exception that the court reduced the juvenile detention to one year rather than imposing the two-year recommendation. Therefore, appellant cannot appeal his sentence. R.C. 2152.13(E)(3) and R.C. 2953.08(D)(1).
 {¶ 20} We find appellant's second and third assignments of error not well-taken.
 {¶ 21} In his fourth assignment of error, appellant argues that his appointed counsel rendered ineffective assistance in violation of appellant's constitutional rights under the United States and Ohio Constitutions. A claim of ineffective assistance requires that appellant demonstrate both that his counsel's representation fell below an objective standard of reasonable representation and caused prejudice to appellant's case. Strickland v. Washington (1984), 466 U.S. 668, 689-690
and State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus.
 {¶ 22} Appellant's claims of ineffective assistance are based on counsel's failure to raise the issues presented in this appeal. Since none of the errors assigned on appeal have merit, we find that trial counsel was not ineffective for failing to raise them. Finally, appellant argues that *Page 7 
his trial counsel did not zealously advocate for him. However, he acknowledges that the sentence imposed was based upon his agreement with the probation officer's recommendations. Therefore, we find there was no showing of ineffective assistance of trial counsel. Appellant's fourth assignment is not well-taken.
 {¶ 23} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Sandusky Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., JUDGE
Mark L. Pietrykowski P.J., JUDGE
William J. Skow, J., JUDGE
 CONCUR. *Page 1