DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Ryan Mangus, appeals his conviction and sentence out of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On December 19, 2006, appellant was indicted on three counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree; three counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree; and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree. Appellant pled not guilty to the charges. *Page 2 
 {¶ 3} On March 9, 2007, the matter came before the trial court for status. The State informed the trial court that appellant would be countermanding his former not guilty plea and entering a plea of guilty to all charges in the indictment. Both the State and defense counsel stipulated that appellant would be adjudicated a sexually oriented offender and that he should be sentenced to ten years in prison. Defense counsel asserted that he had discussed the terms of the negotiations with appellant at length and that appellant understood his constitutional rights and that he would be waiving those rights upon entering a guilty plea. Defense counsel further asserted that appellant understood all the possible penalties and the sexually oriented offender designation.
 {¶ 4} The trial court engaged in colloquy with appellant. The trial court explained the charges and possible penalties, and appellant asserted his understanding. The trial court explained that by pleading guilty, appellant would be waiving his right to a trial, to require the State to prove his guilt to a jury beyond a reasonable doubt, to call and cross-examine witnesses, to testify in his own defense or to remain silent, and to appeal. Appellant asserted his understanding. The trial court explained that appellant would be sentenced to prison and subject to a mandatory period of post-release control. Appellant asserted his understanding. The trial court inquired whether appellant was satisfied with his representation by counsel. Appellant asserted his satisfaction and his desire to plead guilty to the charges. Whereupon, the trial court found that *Page 3 
appellant knowingly, intelligently and voluntarily entered his guilty plea. Appellant further executed a written plea of guilty to the charges.
 {¶ 5} The trial court adjudicated appellant a sexually oriented offender and sentenced appellant to ten years in prison, pursuant to the parties' stipulations. Appellant timely appeals, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED THE MAXIMUM SENTENCE UPON THE APPELLANT WITHOUT FIRST OBTAINING A SUMMARY SEX OFFENDER PRE-SENTENCE INVESTIGATION AND RISK ASSESSMENT AND SAID SENTENCE SHOULD BE VACATED."
 {¶ 6} Appellant argues that the trial court violated appellant's right to due process by sentencing him before obtaining and reviewing the pre-sentence investigation and risk assessment. This Court disagrees.
 {¶ 7} The State informed the trial court regarding the terms of the parties' plea agreement, stating that "[i]t's our understanding, too, that this defendant will be sentenced to 10 years in the Ohio State Penitentiary." Defense counsel asserted that the State had accurately stated the terms of the agreement on the record. Although appellant could have been sentenced to a total of seventy-five years in *Page 4 
prison for the nine offenses, the trial court sentenced him to the agreed-upon ten-year sentence.
 {¶ 8} R.C. 2953.08(D)(1) states that a "sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." The Ohio Supreme Court stated that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." State v.Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25.
 {¶ 9} It is undisputed that the sentence was imposed by the sentencing judge. In addition, the record indicates that the State and defense counsel jointly recommended the ten-year sentence.
 {¶ 10} "Authorized by law" within this context means that the sentence falls within the statutorily determined range of available sentences.State v. Bower, 4th Dist. No. 06CA3058, 2006-Ohio-6472, at ¶ 14, citingState v. Gray, 7th Dist. No. 02BA26, 2003-Ohio-805. A sentence is authorized by law where the prison term imposed does not exceed the maximum term prescribed by statute for the offense. Bower at ¶ 14, citing State v. McMillen, 4th Dist. No. 01CA564, 2002-Ohio-2863. The maximum term for each count of rape is ten years. Therefore, appellant's sentence is authorized by law. *Page 5 
 {¶ 11} In addition, this Court has held:
 "A negotiated plea agreement is a contract and is thus governed by contract law principles. State v. Butts (1996), 112 Ohio App.3d 683, 685-86. When the complained of sentence is central to the plea agreement, the defendant may not appeal from a sentence which he agreed to as part of the agreement. State v. Charles (Oct. 22, 1999), 11th Dist. No. 98-A-0043. `Moreover, a defendant may waive his right to challenge his sentence when he receives a sentence for which he asked[.]' Charles, supra, citing State v. Drake (Apr. 15, 1987), 9th Dist. No. 12859.
 "* * * `If the agreement was not acceptable, the option was trial. * * * By his plea agreement, he has waived the right he now asserts.' State v. Coleman (1986), 30 Ohio App.3d 256, 258, citing State v. Hughes (Dec. 30, 1982), 10th Dist. No. 82AP-695." State v. Bray, 9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶¶ 24-25.
 {¶ 12} In this case, appellant asked for the sentence which he received and cannot now be heard to complain. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE APPELLANT'S PLEAS TO THE CHARGES OF THE INDICTMENTS WERE NOT ENTERED INTO KNOWINGLY AND SHOULD BE VACATED."
 {¶ 13} Appellant argues that his guilty plea should be vacated because it was not knowingly, voluntarily and intelligently entered. This Court disagrees.
 {¶ 14} The basic tenets of due process require that a guilty plea be made "knowingly, intelligently, and voluntarily." State v. Engle (1996),74 Ohio St.3d 525, 527. Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio *Page 6 
Constitution." Id. A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record.State v. Spates (1992), 64 Ohio St.3d 269, 272. If a criminal defendant claims that his guilty plea was not knowingly, voluntarily, and intelligently made, then the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. State v. Nero (1990), 56 Ohio St.3d 106, 108. To ensure that a plea is made knowingly, voluntarily, and intelligently, a trial court must engage in oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). State v. Sherrard, 9th Dist. No. 02CA008065, 2003-Ohio-365, at ¶ 6, citing Engle, 74 Ohio St.3d at 527. Crim.R. 11(C)(2) requires that a trial court determine from conversation with the defendant: 1) whether the defendant's plea was voluntary; 2) whether the defendant understood the effects of the guilty plea at the time he entered it; and 3) whether the defendant, at the time he entered his guilty plea, understood that by entering the plea he was waiving constitutional rights.
 {¶ 15} In this case, a review of the record indicates that the trial court engaged in colloquy with appellant regarding the nature of the charges, the maximum potential sentences, and the fact that the offenses are non-probationable. The trial court further explained that, by entering a guilty plea, appellant would be waiving his rights to a jury trial, to require the State to prove his guilt beyond a reasonable doubt, to cross-examine witnesses, to call witnesses on his own behalf, *Page 7 
to testify or refuse to testify, and to appeal. The trial court explained that appellant would be subject to a mandatory period of post-release control. In response, appellant asserted that he understood everything that the trial court explained and that he wished to plead guilty. In fact, there is nothing in the record to indicate that appellant did not knowingly, voluntarily and intelligently waive his rights and enter his guilty plea.
 {¶ 16} Appellant argues that his one-word responses to the trial court's questions somehow negated the knowing, intelligent and voluntary nature of his plea. When asked whether he understood the nature of the charges and the rights he would be waiving, appellant responded, "Yes." This Court cannot imagine a clearer response which would indicate the knowing, voluntary and intelligent nature of his plea. Appellant's second assignment of error is overruled.
 III. {¶ 17} Appellant's assignments of error are overruled. His conviction and sentence out of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 8 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1