DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, J.R.R., appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, which designated the minor a serious youthful offender and sentenced him to a blended juvenile and adult sentence, suspending the adult sentence. This Court affirms.
 I. {¶ 2} On April 3, 2007, six complaints were filed in the juvenile court, alleging J.R.R. to be a delinquent child by reason of the following: two counts of grand theft auto in violation of R.C. 2913.02, felonies of the fourth degree if committed by an adult; two counts of receiving stolen property/auto in violation of *Page 2 
R.C. 2913.51, felonies of the fourth degree if committed by an adult; and two counts of criminal damaging in violation of R.C. 2909.06, misdemeanors of the second degree if committed by an adult. On April 9, 2007, the State filed a motion to relinquish jurisdiction and to transfer the juvenile for prosecution as an adult pursuant to R.C.2152.10 and 2152.12.
 {¶ 3} At a preliminary hearing on April 9, 2007, J.R.R. denied the charges.
 {¶ 4} On May 24, 2007, the State filed both its notice of intent to seek a serious youthful offender dispositional sentence and a bill of information, charging only the four felony offenses delineated above. The juvenile was not charged as a serious youthful offender in the bill of information. On May 24, 2007, both the juvenile and his attorney signed a waiver of prosecution by indictment, requesting that his cause proceed by way of bill of information. The waiver was filed the next day.
 {¶ 5} The assistant prosecutor, defense counsel and the juvenile all signed a stipulation to plea and disposition, which was presented to the juvenile court in advance of a hearing on May 24, 2007. The stipulation itself was filed the next day. By way of stipulation, all parties agreed that the State would move to dismiss its motion to relinquish jurisdiction upon the juvenile's admission to the charges filed in the bill of information. The parties also stipulated that J.R.R. agreed that he would be designated a serious youthful offender. The parties further recommended the following sentence for disposition: a minimum commitment of *Page 3 
eighteen months to the Ohio Department of Youth Services, maximum until the age of twenty-one as a juvenile disposition; and four years imprisonment in the adult system, with such adult sentence to be suspended upon the condition that the juvenile successfully complete his juvenile disposition.
 {¶ 6} On May 24, 2007, the juvenile court held a hearing, engaging in extensive colloquy with the juvenile. As a result, the State moved to amend one count of grand theft auto to complicity to commit grand theft auto. J.R.R. admitted to the four offenses, including the amended charge.
 {¶ 7} On May 25, 2007, the juvenile court issued a judgment entry in which it granted the State's motion to withdraw its motion to relinquish jurisdiction. The juvenile court found that J.R.R. knowingly, intelligently and voluntarily waived his right to proceed upon Grand Jury indictment as the State was seeking a serious youthful offender disposition. The court found that the juvenile agreed to proceed by bill of information. The juvenile court found that J.R.R. admitted to the four charges and found him to be a delinquent child by reason of one count of grand theft auto, one count of complicity to commit grand theft auto, and two counts of receiving stolen property, all felonies of the fourth degree if committed by an adult. The juvenile court found that the earlier charged misdemeanors were dismissed pursuant to plea negotiations. The court ordered that J.R.R. be committed to the Ohio Department of Youth Services for three consecutive terms of a minimum of six months, maximum to the juvenile's *Page 4 
attainment of the age of twenty-one, and for one concurrent like term. Accordingly, J.R.R. was sentenced to a minimum eighteen months in youth prison. The juvenile court further designated J.R.R. a serious youthful offender and sentenced him to four consecutive one-year terms of imprisonment for the four felonies. The court suspended the adult sentence on the condition that J.R.R. successfully complete his juvenile disposition.
 {¶ 8} J.R.R. timely appeals, raising four assignments of error for review. This Court has rearranged some assignments of error and consolidated others to facilitate review.
 II. ASSIGNMENT OR ERROR II "THE JUVENILE COURT COMMITTED PLAIN ERROR IN IMPOSING A SERIOUS YOUTHFUL OFFENDER DISPOSITIONAL SENTENCE ON APPELLANT WHEN THE PROSECUTING ATTORNEY FAILED TO COMPLY WITH THE PROCEDURE SET FORTH IN R.C. [2152.13(A)]."
 {¶ 9} J.R.R. argues that his dispositional sentence is void because the State did not initiate serious youthful offender proceedings in accordance with R.C. 2152.13(A). This Court disagrees.
 {¶ 10} R.C. 2152.13 states:
 "(A) A juvenile court may impose a serious youthful offender dispositional sentence on a child only if the prosecuting attorney of the county in which the delinquent act allegedly occurred initiates the process against the child in accordance with this division, and the child is an alleged delinquent child who is eligible for the *Page 5 
dispositional sentence. The prosecuting attorney may initiate the process in any of the following ways:
 "(1) Obtaining an indictment of the child as a serious youthful offender;
 "(2) The child waives the right to indictment, charging the child in a bill of information as a serious youthful offender;
 "(3) Until an indictment or information is obtained, requesting a serious youthful offender dispositional sentence in the original complaint alleging that the child is a delinquent child;
 "(4) Until an indictment or information is obtained, if the original complaint does not request a serious youthful offender dispositional sentence, filing with the juvenile court a written notice of intent to seek a serious youthful offender dispositional sentence within twenty days after the later of the following unless the time is extended by the juvenile court for good cause shown:
 "(a) The date of the child's first juvenile court hearing regarding the complaint;
 "(b) The date the juvenile court determines not to transfer the case under section 2152.12 of the Revised Code."
 {¶ 11} This Court finds that the prosecuting attorney properly initiated serious youthful offender proceedings pursuant to R.C.2152.13(A)(4). The original complaints did not request a serious youthful offender dispositional sentence, so the prosecuting attorney had until April 29, 2007, twenty days after J.R.R.'s first juvenile court hearing regarding the complaints, to file his notice of intent to seek a serious youthful offender dispositional sentence. However, the statute expressly provides that the juvenile court may extend that time period for good cause shown. *Page 6 
 {¶ 12} The juvenile court held a pre-trial on April 24, 2007, because a motion to relinquish jurisdiction was pending. The juvenile court scheduled another pre-trial for May 15, 2007. At that time, the motion to relinquish jurisdiction continued to pend. After the juvenile court had the opportunity to hear the parties on that date, it issued a journal entry on May 18, 2007, scheduling the matter for a plea on May 24, 2007. The juvenile court could only have taken a plea from the child, if it had found it reasonable and agreed to dispose of this matter within the juvenile system. The juvenile court, therefore, implicitly found good cause to extend the time in which the prosecuting attorney might file his notice of intent to seek a serious youthful offender dispositional sentence. Further, because the State filed its notice of intent and obtained the bill of information on the same day, and filed them at the same time, this Court cannot say that the bill of information had already been obtained by the time the prosecuting attorney filed the notice of intent.
 {¶ 13} The juvenile's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I "THE JUVENILE COURT COMMITTED PLAIN ERROR IN IMPOSING A DISCRETIONARY SERIOUS YOUTHFUL OFFENDER DISPOSITIONAL SENTENCE ON APPELLANT WHEN APPELLANT WAS NOT ELIGIBLE FOR A DISCRETIONARY SERIOUS YOUTHFUL OFFENDER DISPOSITIONAL SENTENCE UNDER THE STATUTORY REQUIREMENTS OF R.C. 
[2152.11]." *Page 7 
 ASSIGNMENT OF ERROR III "THE JUVENILE COURT COMMITTED PLAIN ERROR IN FAILING TO MAKE THE DETERMINATIONS REQUIRED BY R.C. [2152.13(D)(2)(a)(i)] ON THE RECORD."
 {¶ 14} J.R.R. argues that the trial court committed plain error by imposing a serious youthful offender dispositional sentence, both because the juvenile was not eligible pursuant to R.C. 2152.11 and the juvenile court failed to make the requisite findings pursuant to R.C.2152.13(D)(2)(a)(i) on the record. On the specific facts and circumstances of this case, this Court disagrees.
 {¶ 15} R.C. 2152.13(D)(3) grants to a juvenile upon whom a serious youthful offender dispositional sentence has been imposed the right to appeal under R.C. 2953.08(A)(1), (3), (4), (5) or (6). The Sixth District Court of Appeals addressed a similar issue in In the Matter ofLee J., 6th Dist. No. S-06-030, 2007-Ohio-2400, in which the juvenile, who "pled guilty to the delinquency charges" and received an agreed-upon blended sentence, argued error based on the juvenile court's failure to make the required findings under R.C. 2152.13(D)(2)(a)(i). The Sixth District found R.C. 2953.08(D)(1) applicable to serious youthful offender dispositional sentences. This Court finds such application appropriate.
 {¶ 16} R.C. 2953.08(D)(1) provides:
 "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *Page 8 
This Court elaborated that "[t]he Ohio Supreme Court stated that `[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate.'" State v. Mangus, 9th Dist. No. 23666, 2007-Ohio-5033, at ¶ 8, quoting State v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25.
 {¶ 17} We continued:
 "A negotiated plea agreement is a contract and is thus governed by contract law principles. When the complained of sentence is central to the plea agreement, the defendant may not appeal from a sentence which he agreed to as part of the agreement. Moreover, a defendant may waive his right to challenge his sentence when he receives a sentence for which he asked. If the agreement was not acceptable, the option was trial. By his plea agreement, he has waived the right he now asserts." (Internal quotations and citations omitted.) Mangus at ¶ 11.
 {¶ 18} In this case, J.R.R., his attorney, and the prosecuting attorney all stipulated that the juvenile be designated a serious youthful offender. Accordingly, the requisite findings were necessarily subsumed within that stipulation and adopted by the juvenile court. They all further agreed to the imposition of the exact sentence which the juvenile court ordered. Accordingly, both the designation as a serious youthful offender and the sentence were recommended jointly by the defendant and the prosecution. Further, there is no dispute that the sentencing judge ordered the agreed-upon designation and imposed the agreed-upon sentence. *Page 9 
 {¶ 19} This Court has held:
 "`Authorized by law' within this context means that the sentence falls within the statutorily determined range of available sentences. A sentence is authorized by law where the prison term imposed does not exceed the maximum term prescribed by statute for the offense." (Internal citations omitted.) Mangus at ¶ 10.
 {¶ 20} The juvenile court imposed a one-year term of imprisonment for each felony of the fourth degree. R.C. 2152.13(D)(2)(a)(i) permits the juvenile court to impose upon the juvenile a sentence available for the violation under R.C. Chapter 2929, as if the juvenile were an adult, "except that the juvenile court shall not impose on the child a sentence of death or life imprisonment without parole." R.C. 2929.14(A)(4) provides that a trial court may impose a definite prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months for a felony of the fourth degree. In this case, the juvenile court imposed a definite term of one year (twelve months) for each of J.R.R.'s felonies of the fourth degree. Accordingly, the juvenile's sentence was authorized by law.
 {¶ 21} In this case, while facing a possible bindover to the adult court system, J.R.R. requested the serious youthful offender dispositional sentence which he received. Therefore, he cannot now be heard to complain that he received the benefit of his bargain. The juvenile's first and third assignments of error are overruled. *Page 10 
 ASSIGNMENT OF ERROR IV "APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF HIS TRIAL COUNSEL."
 {¶ 22} J.R.R. argues that he was prejudiced by his trial counsel's failure to recognize the prosecuting attorney's improper initiation of serious youthful offender proceedings and the juvenile's ineligibility for a serious youthful offender dispositional sentence. This Court disagrees.
 {¶ 23} In evaluating an ineffective assistance of counsel claim, this Court employs a two step process as described in Strickland v.Washington (1984), 466 U.S. 668, 687. First, the Court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v. Bradley (1989),42 Ohio St.3d 136, 141; State v. Lytle (1976), 48 Ohio St.2d 391, 396, vacated in part on other grounds. Second, the Court must determine if prejudice resulted to the defendant from counsel's ineffectiveness. Bradley,42 Ohio St.3d at 141-142, citing Lytle, 48 Ohio St.2d at 396-397. "An appellate court may analyze the prejudice prong of the Strickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice."State v. Kordeleski, 9th Dist. No. 02CA008046, 2003-Ohio-641, at ¶ 37, citing State v. Loza (1994), 71 Ohio St.3d 61, 83, overruled on other grounds. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. Bradley, 42 Ohio St.3d at paragraph three of the syllabus. *Page 11 
The appellant bears the burden of proof, and must show that "`counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland, 446 U.S. at 687.
 {¶ 24} Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."Strickland, 466 U.S. at 691. This Court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. The defendant must first identify the acts or omissions of his attorney that he claims were not the result of reasonable professional judgment. This Court must then decide whether counsel's conduct fell outside the range of professional competence. Id. There is a strong presumption that licensed attorneys in Ohio are competent. State v. Smith (1985),17 Ohio St.3d 98, 100.
 {¶ 25} This Court has already found that the prosecuting attorney properly initiated serious youthful offender proceedings in this case. Therefore, trial counsel did not fail to recognize any impropriety in the initiation of the proceedings. Accordingly, J.R.R. cannot demonstrate that trial counsel's actions prejudiced him in this regard.
 {¶ 26} Next, this Court finds that the juvenile cannot demonstrate that he was prejudiced by the imposition of a serious youthful offender dispositional *Page 12 
sentence. We have already found that J.R.R. stipulated to a serious youthful offender designation and blended sentence, in which his adult sentence was suspended. Accordingly, the juvenile need serve no adult prison sentence so long as he successfully completes his juvenile disposition. The requisite findings and eligibility were subsumed within the terms of the joint stipulation.
 {¶ 27} Further, it is significant that the State had filed a motion to relinquish jurisdiction a mere six days after the filing of the complaints. Accordingly, the juvenile was facing the possibility of incarceration in an adult prison during his minority, with no possibility for rehabilitation within the juvenile system. Upon transfer to the adult system, any adult sentence would be within the discretion of the trial court. However, by receiving a blended sentence under a serious youthful offender disposition, J.R.R. retains control over whether he must serve the adult portion of his sentence, because that sentence is suspended on the condition that he successfully complete his juvenile disposition.
 {¶ 28} Trial counsel's actions served to foreclose the possibility of the juvenile's transfer to the adult court system, while empowering him to avoid serving any adult prison sentence by maintaining good behavior during his juvenile disposition/parole. By his actions, trial counsel precluded the possibility of the juvenile's facing the much more severe circumstances concomitant with a transfer to the adult system. R.C.2929.11(A) provides that the "overriding purposes of felony sentencing are to protect the public from future crime by the *Page 13 
offender and others and to punish the offender." On the other hand, R.C.2152.01(A) provides that the "overriding purposes for dispositions under this chapter are to provide for the care, protection, and mental and physical development of children subject to this chapter, protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender." Here, trial counsel by his actions facilitated the juvenile's retention within the juvenile system where he might yet receive services designed to rehabilitate rather than punish. Under these circumstances, this Court finds that the juvenile has not demonstrated that he suffered prejudice as a result of trial counsel's performance.
 {¶ 29} The juvenile's fourth assignment of error is overruled.
 III. {¶ 30} J.R.R.'s assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 14 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 MOORE, J., DICKINSON, J. CONCUR *Page 1