JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, defendant-appellant C.F.[1] ("defendant"), challenges several of the trial court's rulings after defendant pled no contest to various counts of rape, kidnapping, and aggravated burglary. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} A review of the record reveals the following: On June 28, 2006, the State filed a three-count complaint against the defendant in the juvenile court, alleging one count of aggravated burglary and two counts of complicity to commit rape.
 {¶ 3} On July 12, 2006, the State filed a motion to relinquish jurisdiction and to transfer the juvenile for prosecution as an adult pursuant to R.C. 2152.10 and 2152.12.
 {¶ 4} Pursuant to a court order, defendant underwent three competency evaluations. One evaluator, Dr. Davidson, found defendant incompetent to stand trial, while the other two evaluators, Dr. Konieczny and Dr. Biscaro, found defendant competent to stand trial. The court held three separate hearings, [2]
 {¶ 5} where it heard testimony from all of the evaluators, as well as arguments from the parties. After denying defendant's motion for a fourth *Page 4 
competency evaluation, the juvenile court found defendant competent to stand trial.
 {¶ 6} On December 11, 2006, the trial court denied the State's motion to transfer the matter to the adult court, and the State filed its notice of intent to seek a serious youthful offender ("SYO") dispositional sentence.
 {¶ 7} On January 12, 2007, the trial court arraigned the defendant on the SYO specifications and the complaint was amended to include six additional counts.
 {¶ 8} On July 9, 2007, the juvenile court held a hearing and denied the defendant's motion to dismiss the SYO specifications. Thereafter, the defendant indicated that he would be pleading no contest to the charges against him. The juvenile court engaged in an extensive colloquy with the defendant pursuant to Crim. R. 11. As a result, the juvenile court found the defendant guilty of rape (SYO specification), attempted rape (SYO specification), kidnapping (SYO specification), two counts of aggravated burglary (SYO specifications), and conspiracy to commit kidnapping (SYO and sexual motivation specifications). The matter was continued for sentencing.
 {¶ 9} On November 9, 2007, defendant filed a motion to withdraw his guilty plea based on the fact that he would be subject to mandatory lifetime registration as a sex offender under the newly enacted Adam Walsh Act. *Page 5 
 {¶ 10} On November 16, 2007, the juvenile court held a hearing and denied defendant's motion to withdraw his guilty plea. The juvenile court then sentenced defendant to an adult term of six years in prison on each count, a term in the Ohio Department of Youth Services for juvenile life, and five years of postrelease control. The adult portion of the sentence was stayed pending successful completion of the juvenile disposition.
 {¶ 11} Defendant timely appeals, and raises four assignments of error for our review.
 {¶ 12} "I. The trial court erred by denying [C.F.]'s motion to withdraw his pleas of no contest because [C.F.] was not fully advised of the consequences of his plea."
 {¶ 13} In his first assignment of error, defendant argues that the trial court erred in denying his presentence motion to withdraw his guilty plea.
 {¶ 14} Crim. R. 32.1 provides that a defendant may move to withdraw his guilty plea prior to sentencing; however, a defendant does not have an absolute right to have his guilty plea withdrawn. Rather, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea. State v. Xie (1992),62 Ohio St.3d 521, 527. The decision to grant or deny the motion is within the trial court's discretion and will not be disturbed absent a finding of an abuse of discretion. Id. *Page 6 
 {¶ 15} In determining whether the trial court abused its discretion in denying a defendant's motion to withdraw a plea, we must consider the following factors: (1) whether the accused was represented by competent counsel; (2) whether the accused was afforded a full hearing pursuant to Crim. R. 11 before he entered the plea; (3) whether, after the motion to withdraw was filed, the accused is given a complete and impartial hearing on the motion; and (4) whether the record reveals that the court gave full and fair consideration to the plea withdrawal request.State v. Sabatino (1995), 102 Ohio App.3d 483.
 {¶ 16} Here, the record reflects that the trial court held a full hearing pursuant to Crim. R. 11 before accepting the defendant's guilty plea. At the hearing, defendant was represented by two competent attorneys. He was notified of his constitutional and other rights. He was informed of the nature of the charges against him and the possible penalties, including the possibility of lifetime registration as a sexual offender.[3] The trial court then determined that the plea was knowingly, intelligently, and voluntarily made.
 {¶ 17} The trial court also afforded defendant a full hearing on his motion to withdraw his plea. The record reflects that the trial court considered defendant's argument that under Ohio's recently enacted Adam Walsh Act, he would be subject to a mandatory lifetime sexual offender registration *Page 7 
requirement, but concluded that defendant had already been informed of this possibility at the plea hearing on July 9, 2007.[4]
 {¶ 18} Accordingly, our review of the record indicates that the trial court did not abuse its discretion in denying defendant's motion to vacate his guilty plea.
 {¶ 19} Assignment of Error I is overruled.
 {¶ 20} "II. The trial court erred in including the serious youthful offender specifications as part of the indictment."
 {¶ 21} In his second assignment of error, defendant argues that the trial court erred in including SYO specifications in his indictment.
 {¶ 22} Pursuant to R.C. 2152.13, a juvenile court is permitted to include SYO specifications in an indictment if the prosecuting attorney initiates the process in any of the following ways: "(1) By obtaining an indictment of the child as a SYO; (2) The child waives the right to indictment and the SYO specification is charged in the bill of information; (3) By requesting a SYO specification in the original complaint; or, (4) By filing written notice of the intent to seek a SYO specification with the juvenile court within twenty days after the later of the following unless the time is extended by the juvenile court for good cause shown: (a) The date of the child's first juvenile court hearing regarding the complaint; *Page 8 
(b) The date the juvenile court determines not to transfer the case under section 2152.12 of the Revised Code."
 {¶ 23} Here, the prosecutor filed its notice of intent to seek SYO specifications on December 11, 2006, the same day that the trial court determined it would not be transferring the case to the adult division pursuant to R.C. 2152.12. Accordingly, the prosecuting attorney properly initiated SYO proceedings pursuant to R.C. 2152.13(A)(4)(b). See In re:J.R.R., Summit App. No. 23784, 2008-Ohio-1380.
 {¶ 24} Assignment of Error II is overruled.
 {¶ 25} "III. The trial court erred in finding [C.F.] competent to stand trial and in refusing to allow an additional competency evaluation."
 {¶ 26} In his third assignment of error, defendant argues that the trial court erred when it determined that he was competent to stand trial.
 {¶ 27} Juv. R. 32(A)(4) provides that a court may order a mental or physical examination if a party's competence to participate in the proceedings is at issue. However, there is no statutory basis for a juvenile to plead that he is incompetent to stand trial. Nonetheless, this court has held that the standards applied to determine the competency of adults in R.C. 2945.37 govern the competency evaluations of juveniles, as long as the standards applied are consistent with juvenile norms. In re York (2001), 142 Ohio App.3d 524, 536. *Page 9 
 {¶ 28} When reaching a competency determination, the adequacy of the data relied upon by the expert who examined the defendant is a question for the trial court as the trier of fact. State v. Williams (1986),23 Ohio St.3d 16, 19. An appellate court will not disturb a competency determination if there is some reliable credible evidence supporting the trial court's conclusion that the defendant understood the nature and objective of the proceeding against him. Id.
 {¶ 29} Here, defendant had three separate competency evaluations. Dr. Davidson interviewed the defendant on two occasions and expressed concern over defendant's rational understanding, but admitted that the defendant had a factual understanding of the proceedings against him. Dr. Konieczny interviewed the defendant once and testified that the defendant had an "adequate understanding" "relative to his age" of the proceedings against him. Finally, Dr. Biscaro interviewed the defendant on two occasions and concluded that defendant had a "basic understanding" of the proceedings against him and would be able to assist his attorney in his defense.
 {¶ 30} We find that the trial court properly evaluated defendant's cognitive and intellectual development when it found defendant competent to stand trial. At three separate hearings, each of the three doctors testified at length as to their evaluations of the defendant. Although Dr. Davidson's testimony was *Page 10 
mixed and presented both the positive and negative aspects of defendant's intellectual limitations, he did state that defendant actively participated in the evaluation, provided coherent responses, and was able to grasp the importance and relevance of possible pleas and the role of the judge, prosecutor, and defense attorneys in the proceedings.
 {¶ 31} Accordingly, we find that there was reliable, credible evidence to support the trial court's finding that the defendant was competent to stand trial. Furthermore, since the trial court had already allowed three competency evaluations, it did not abuse its discretion in denying defendant's request for a fourth evaluation.
 {¶ 32} Assignment of Error III is overruled.
 {¶ 33} "IV. [C.F.] was deprived an effective assistance of counsel."
 {¶ 34} In order for this court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. State v. Bradley
(1989), 42 Ohio St.3d 136. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, *Page 11 
the result of the trial would have been different." Id. at paragraph three of the syllabus.
 {¶ 35} Defendant first argues that his trial counsel performed deficiently by failing to properly instruct him on the sexual registration laws. In Assignment of Error I, we held that the defendant was fully informed of the possibility of lifetime registration as a sexual offender.[5] Therefore, defendant was not denied effective assistance of counsel on this basis.
 {¶ 36} Next, defendant claims that his trial counsel failed to provide effective assistance by allowing him to plead no contest to the charges against him. Specifically, defendant claims that he was not properly coached and informed of the consequence of his actions and the meaning behind his pleas. As stated in the first assignment of error, the record demonstrates that the trial court conducted a thorough colloquy with the defendant and fully complied with Crim. R. 11 when it accepted his pleas to the charges against him. Accordingly, defendant was not denied effective assistance of counsel on this basis.
 {¶ 37} Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 12 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Juvenile Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and JAMES D. SWEENEY, J.*, CONCUR
[1] The parties are referred to herein by their initials or title in accordance with this Court's established policy regarding non-disclosure of identities of juveniles.
[2] October 30 and 31, 2006, and July 9, 2007.
[3] See tr. dated July 9, 2007 at p. 89.
[4] See tr. dated July 9, 2007 at pg. 89.
[5] See tr. dated July 9, 2007 at p. 89.
* SITTING BY ASSIGNMENT: JUDGE JAMES D. SWEENEY, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS. *Page 1