[Cite as *In re D.E.*, 2024-Ohio-1796.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| In re: D.E. | : | Case No.    23CA15 |
| | : | <u>DECISION AND</u> |
| Adjudicated Delinquent Child | | <u>JUDGMENT ENTRY</u> |
| | : | |
| | : | **RELEASED 5/08/2024** |

_____

APPEARANCES:

Mary Adeline R. Lewis, Xenia, Ohio, for appellant.

Kelsey R. Riffle, Washington County Assistant Prosecuting Attorney, Marietta, Ohio for appellee.

_____

Hess, J.

{¶1}  Appellant D.E. appeals the juvenile court's dispositional entry committing D.E. to the legal custody of the Ohio Department of Youth Services for institutionalization for an indefinite term of 12 months to a maximum period not to exceed the child's attainment of 21 years of age. In his single assignment of error, D.E. contends that the trial court erred when it did not consider the appropriate factors under R.C. 2152.01 when sentencing him and failed to make those findings on the record. For the reasons that follow, we overrule his assignment of error and affirm the juvenile court's judgment.

I.  FACTS AND PROCEDURAL HISTORY

{¶2}  D.E., a 17-year-old juvenile, was charged with one count of delinquency trafficking in a fentanyl-related compound, a first-degree felony in violation of R.C. 2925.03(A)(2)/(C)(9)(f). The juvenile court held a shelter care hearing. The state advised the juvenile court that at the time D.E. was charged in this case, he was on parole for

robbery in Summit County, Ohio. The juvenile court determined that D.E. should be held in the Multi County Juvenile Detention Center in Lancaster, Ohio to protect the community in light of the seriousness of the crime – he came from out of the county with two other juveniles to allegedly sell fentanyl. Approximately a week later, D.E. entered a denial of the charges and asked to be released to his mother. The juvenile court denied the request and ordered D.E. to remain in custody.

{¶3} At the change of plea and final dispositional hearing, D.E. withdrew his denial to the allegations and admitted them. D.E.'s attorney made a record of the plea agreement, stating that in exchange for the state agreeing not to bind D.E. over to the adult court where he could face a prison term if convicted, D.E. would admit to the offense charged in the complaint and would ask that the court impose the recommended sentence. The juvenile court stated its understanding of the plea agreement and D.E.'s counsel confirmed his acknowledgement of it:

> COURT: Each Complaint has one count of delinquency, trafficking in a Fentanyl-related compound, a felony of the first degree, in violation of 2025.03(A)(2) [sic] and (C)(9)(f).
> It's the Court's understanding that both children[1] are going to admit to those. That we would then find them to be delinquent, proceed to disposition today.
> It's the Court's understanding that if that happens, they would each be sentenced to a minimum of one year in the Department of Youth Services, up to age twenty one - - a maximum age of twenty-one.
> That they would be on parole when they come out, and given credit for sixty-five days of detention time as of today. So sixty-five days would be reduced, that one year minimum, would be reduced by sixty-five days. Plus they'd be given credit for any other days that they're still held pending transport which is the Court's understanding would be next Tuesday, the 11th.
> D.E.'S ATTORNEY: Yes, Your Honor.

---

[1] D.E.'s younger brother was a co-defendant.

**{¶4}** The juvenile court ordered D.E. to be remanded to the department of youth services to serve a mandatory 1-year period of institutionalization and a maximum period not to exceed the child's attainment of age 21. The juvenile court imposed no fines, waived costs, and advised D.E.'s mother how to seal D.E.'s record at the appropriate time.

**{¶5}** D.E. appealed.

## II.  ASSIGNMENT OF ERROR

**{¶6}** D.E. presents one assignment of error:

The court erred when they [sic] did not consider the appropriate factors under O.R.C. 2152.01 when sentencing the Appellant to the Department of Youth Services.

## III.  LEGAL ANALYSIS

### A.  Juvenile Dispositional Order

**{¶7}** In his sole assignment of error, D.E. contends that the juvenile court failed to make the necessary findings on the record before imposing the final disposition. He argues that R.C. 2152.01 requires the judge to consider several factors and state those findings on the record.  Here, he contends that the juvenile court placed no findings on the record and, even though this was a negotiated plea, the court was still required to consider the seriousness of the offense, the impact on the victim, the need to protect the public, the need to hold the offender accountable, the need to rehabilitate the offender, and the youth's age.  Because the juvenile court failed to make any of those findings on the record before imposing the final disposition, D.E. argues that the case should be remanded back for sentencing in accordance with the law.

**{¶8}** The state argues that D.E. cites no legal authority that requires the juvenile

court to place findings under R.C. 2152.01 on the record. Additionally, the state argues

that because agreed juvenile dispositions are rarely appealed, there is very little case law

on this type of appeal. However, it urges us to follow decisions from the Sixth and Ninth

Districts, which held that a juvenile cannot appeal an agreed disposition. *In re Lee J.,* 6th

Dist. Sandusky No. S-06-030, 2007-Ohio-2400, ¶ 19; *In re J.R.R.*, 9th Dist. Summit No.

23784, 2008-Ohio-1380, ¶ 15-21 (adopting the rationale of the Sixth District in *In re Lee

J., supra*).

## 1. Standard of Review

**{¶9}** We review a juvenile court's disposition for a child adjudicated delinquent

under an abuse-of-discretion standard.

> Pursuant to R.C. 2152.19(A)(4), a juvenile court has broad discretion to craft
> an appropriate disposition for a child adjudicated delinquent. The court may
> place the child on community control "under any sanctions, services, and
> conditions that the court prescribes." Nevertheless, R.C. 2152.01(B)
> provides that dispositions must be "reasonably calculated" to achieve
> certain statutory purposes. Those purposes are "to provide for the care,
> protection, and mental and physical development of children subject to this
> chapter, protect the public interest and safety, hold the offender accountable
> for the offender's actions, restore the victim, and rehabilitate the offender."
> R.C. 2152.01(A). Accordingly, a juvenile court must consider those
> purposes in determining which conditions of probation to impose in crafting
> a community-control sanction. The court's disposition will be upheld unless
> there has been an abuse of discretion.

*In re D.S.,* 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921, ¶ 6. An abuse of

discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State

v. Adams*, 62 Ohio St.2d 151,157, 404 N.E.2d 144, 149 (1980).

**{¶10}** However, here D.E. did not object to the juvenile court's disposition at the

hearing, therefore we apply the plain error standard of review. *State v. Morgan*, 153 Ohio

St.3d 196, 2017-Ohio-7565, 103 N.E.3d 784, ¶ 49. "[T]he plain-error standard that we apply in criminal proceedings should apply when errors that are not preserved arise in juvenile-delinquency proceedings." *Id.* Application of the plain error standard encourages "judicial economy by providing incentives (and not disincentives) for the defendant to raise all errors in the trial court—where, in many cases, such errors can be easily corrected." *Id.* at ¶ 51. Under the plain error standard, not only does D.E. have to show an obvious error occurred, but he has the burden to prove the error affected the outcome of the proceeding, that is, that the juvenile court would have sentenced him differently. *Id.* at ¶ 52. A party must prove prejudice "with specific facts and cannot rely on speculation." *Id.* at ¶ 54.

## 2. Statutory Framework and Analysis

{¶11} Under R.C. 2152.16(A)(1)(d), if a child is adjudicated delinquent for committing an act that would be a first degree felony if committed by an adult, the juvenile court may commit the child to the legal custody of the department of youth services "for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's attainment of twenty-one years of age." In this case, the juvenile court committed D.E. to the department of youth services for a minimum period of 1 year and a maximum period not to exceed D.E.'s attainment of 21 years of age for trafficking in a fentanyl-related compound, which would be a first-degree felony if committed by an adult. Therefore D.E.'s disposition falls within the statutory range.

{¶12} D.E. recognizes that this was a negotiated plea, but nevertheless contends that the juvenile court "was required to make certain findings on the records [sic] to support its decision." Although D.E. argues that the juvenile court was required to make

findings under R.C. 2152.01 on the record, D.E. cites no legal authority that requires the juvenile court to make such findings on the record. *Compare* R.C. 2152.01 *with* R.C. 2152.13(D)(2)(a)(i) (requiring the juvenile court to make certain findings on the record for certain serious youthful offender dispositions); *See also In re J.R.,* 3d Dist. Allen No. 1-22-16, 2022-Ohio-2623, ¶ 14 (noting that when considering the overriding purposes in R.C. 2152.01 "the best practice is to develop a robust analysis of the purposes underlying juvenile dispositions at the dispositional hearing and in the dispositional entry to satisfy the virtue of the statute").

{¶13} In *In re J.R.*, *supra,* the juvenile court did not make findings on the record that expressly stated the court had considered the overriding purposes in R.C. 2152.01(A). The appellate court described the juvenile court's analysis as "the curt analysis put forth" at the dispositional hearing and "the lacking analysis in its dispositional entry." Even though there were no express findings of the overriding factors in R.C. 2152.01(A), the appellate court found that the disposition fell within the statutory range and that it could "glean from the record that the trial court considered the purposes of rehabilitation and the provision of care, protection, and the mental and physical development" of the juvenile "when weighing the appropriateness of a disposition of a commitment to DYS." *In re J.R.* at ¶ 16.

{¶14} Similarly, in *In re J.S.,* 3d Dist. Hancock Nos. 5-19-22, 5-19-23, 5-19-24, 2020-Ohio-3413, a case D.E. cites in his brief, the juvenile court did not parrot the language in R.C. 2152.01(A) in its dispositional analysis. On appeal, the juvenile argued that the juvenile court failed to consider the overriding purposes of juvenile dispositions and was focused strictly on punishment. The appellate court found that the dispositions

fell within the statutory ranges and that it could infer from the record that the juvenile court had considered the appropriate factors. *Id.* at ¶ 14, 16. Thus, despite D.E.'s argument here that the juvenile court must make a finding on the record determining whether his disposition "was commensurate with and not demeaning to the seriousness of the conduct and its impact on the victim, and consistent with dispositions for similar acts committed by similar children," there is no such requirement that the trial court make such findings on the record.  Although we find no statutory requirement, we agree with the court in *In re J.R.* that it is "the best practice" to "develop a robust analysis of the purposes underlying juvenile dispositions" at the hearing. *In re J.R.* at ¶ 14.

{¶15} Even if we assume that such findings were required to be made on the record, D.E. failed to object to this at the disposition hearing and has failed to argue that he was prejudiced by it. He has not made a showing of prejudice – that the error affected the outcome of the proceeding (i.e., that his disposition would have been different). The record shows that his disposition was part of a plea agreement, the trial court's statements concerning the disposition recognized it was a plea agreement, and D.E.'s trial attorney expressly stated it was a plea agreement and "we ask that you impose the recommended sentence, Your Honor."

{¶16} The state argues that D.E. cannot appeal his sentence because it was jointly recommended as part of a negotiated plea agreement. However, both cases the state cites to support its argument involved juvenile dispositions in which the juvenile was found to be a serious youthful offender and a portion of the sentence was an adult sentence.  In *In re Lee J., supra*, the juvenile court found Lee was a serious youth offender and sentenced him to a term in ODYS and a two-year prison term in the adult system.

Both sentences were stayed conditioned on the successful completion of a court-ordered substance abuse treatment program and community control. *Id.* at ¶ 11. On appeal, the appellate court found that the sentence was jointly recommended and agreed to, therefore he could not appeal his sentence, citing R.C. 2953.08(D)(1), which states:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

Lee's attorney had informed the juvenile court at the disposition hearing, "we are in agreement and ask that you accept his recommendations." *Id.* at ¶ 19. The appellate court held, "Therefore, appellant cannot appeal his sentence." *Id.*

{¶17} Similarly, in *In re J.R.R.*, *supra,* the state agreed to withdraw its motion for a bindover to adult court and, in exchange, the parties agreed that J.R.R. would be designated a serious youthful offender and recommended a disposition that he be committed for a time to ODYS, followed by a four-year prison term in the adult system, with the adult sentence suspended conditioned upon successful completion of his juvenile disposition. *Id.* at ¶ 5. The court found that because the juvenile disposition statute "permits the juvenile court to impose upon the juvenile a sentence available for the violation under R.C. Chapter 2929, as if the juvenile were an adult," then the jointly agreed upon juvenile disposition, which included an adult sentence, could not be appealed because R.C. 2953.08(D)(1), which prevents review of jointly recommended sentences, prohibits it. *Id.* at ¶ 16, 20. Here however, D.E. was not found to be a serious youthful offender and he was not sentenced as if he were an adult under Chapter 2929. Therefore, R.C. 2953.08(D)(1) is inapplicable to his disposition and does not preclude our review of it.

**{¶18}** In sum, we find that the juvenile court is not required to state on the record that it has considered the overriding purposes for disposition in R.C. 2152.01 before entering its disposition. Even if we assume there was such a requirement, because D.E. failed to object at the disposition hearing, the error is subject to the criminal plain-error standard of review and D.E. has failed to show he was prejudiced. We overrule his assignment of error.

IV. CONCLUSION

**{¶19}** We overrule appellant's assignment of error and affirm the judgment of the juvenile court.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**